UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BOBBY BUCKLEY,

    Defendant.

_____/

Case No. 18-cr-20375

Honorable Nancy G. Edmunds

**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE [50]**

Defendant Bobby Buckley is currently in the custody of the Federal Bureau of Prisons. The matter is before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. (ECF No. 50.) The Government opposes Defendant's motion. (ECF No. 54.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    Background**

Defendant imported and attempted to import fentanyl and fentanyl analogues into the United States from China. Ultimately these drugs were to be mixed with other controlled substances to increase their effect on users. Two parcels containing these substances were seized prior to delivery to Defendant and he was subsequently indicted. He pleaded guilty to attempting to possess a fentanyl analogue with the intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and 846. This Court later sentenced him to 96 months imprisonment.

1

Defendant began serving his term of imprisonment on January 2, 2020 and he is currently incarcerated at FCI Milan. He is 53 years old and his projected release date is October 25, 2026. On October 21, 2020, Defendant requested compassionate release from the warden at his facility. That request was denied on November 20, 2020. He now moves the Court for compassionate release citing several underlying medical concerns along with the increased threat of infection from COVID-19 while incarcerated. Currently, FCI Milan has five positive cases of COVID-19 among inmates and staff. Three inmates have died from the virus and 331 inmates and staff members have recovered. *See COVID-19 Cases*, Federal Bureau of Prisons (last updated April 27, 2021), https://perma.cc/3D22-ETYJ.

## II. Analysis

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons when there are "extraordinary and compelling" reasons to do so. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Court may consider a compassionate release motion brought by an inmate on his own behalf only after he exhausts his administrative remedies or receives no response from the warden within 30 days of filing such a request. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Thereafter, the Court considers (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether such a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission; and (3) whether the balance of relevant sentencing factors weighs in favor of early release. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of those requirements are met, the district court

'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Defendant exhausted his administrative remedies prior to filing the present motion so that threshold requirement for relief has been satisfied. Moreover, there are no applicable policy statements as Defendant filed his motion on his own behalf. *See Elias*, 984 F.3d at 519. Thus, the decision to grant Defendant's motion turns on whether there are extraordinary and compelling reasons that warrant a sentence reduction and if so, whether the balance of relevant sentencing factors weighs in favor of early release. *See id.* at 518.

Courts that have granted compassionate release motions during the pandemic have typically found "extraordinary and compelling reasons" for early release when the movant shows he has one or more comorbidities that increase his risk of severe illness or death from COVID-19. *See Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions.") Defendant states he suffers from pre-diabetes, obesity, hypertension, enlarged prostate and headaches. (ECF No. 50, p. 8.) The Government acknowledges that obesity and hypertension have been identified by the CDC as conditions that may increase one's risk of severe illness from COVID-19. Nevertheless, the Government disputes the severity of Defendant's conditions and argues they do not rise to a level that warrants release from incarceration, especially considering the amount of time remaining on Defendant's custodial sentence.[1] Because the balance of the 18 U.S.C. § 3553(a) sentencing factors

---

[1] Defendant's medical records show that his hypertension is being medically managed and that he has received counseling regarding diet and exercise modifications that would resolve his obesity.

do not favor granting defendant's motion, the Court declines to take a position on this issue.

A Court's determination that the 18 U.S.C. § 3553(a) factors do not support relief is an independent basis for denying compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1001 (6th Cir. 2020). These factors require consideration of the nature and circumstances of the offense, the seriousness of the offense, the need to protect the public from further crimes of the defendant, and the need to promote respect for the law and provide just punishment, among other things. *See* 18 U.S.C. § 3553(a). "District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision . . . [b]ut 'as long as the record *as a whole* demonstrates that the pertinent factors were taken into account by the district court[,]' a district judge need not 'specifically articulate' its analysis of every single § 3553(a) factor." *Jones*, 980 F.3d at 1114 (emphasis in the original) (quoting *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010)).

Turning first to the seriousness of Defendant's offense, the Court agrees with the Government that Defendant's crime was quite serious. Defendant attempted to purchase and distribute extremely strong opioids for the purpose of making dangerous drugs even more potent. His actions contributed to the opioid epidemic that has plagued our community and caused tens of thousands of deaths throughout the United States for years. This factor therefore weighs against early release.

Consideration of the remaining sentencing factors also compels the Court to deny Defendant's motion. The sentencing guidelines in Defendant's case called for imposition of a 121-month to 151-month term of incarceration. Despite these guidelines, the Court

varied downward and imposed a 96-month (eight-year) sentence. Defendant has now served only one year of that sentence and, despite his arguments, the Court disagrees with Defendant that this small percentage of time is sufficient to promote respect for the law, provide just punishment, or afford adequate deterrence. For these reasons, Defendant's initial sentence remains appropriate today.

## III. Conclusion

In sum, Defendant's medical concerns, even if they were to rise to the level of "extraordinary and compelling reasons" for release, do not alter the weighing of the 18 U.S.C. § 3553(a) sentencing factors in any significant way and Defendant's motion is **DENIED**.

SO ORDERED.

                                        s/ Nancy G. Edmunds
                                        Nancy G. Edmunds
Dated: April 28, 2021               United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2021, by electronic and/or ordinary mail.

                                        s/ Lisa Bartlett
                                        Case Manager